STATE OF MISSOURI, Respondent, *v.* G. T. EDWARDS, Appellant.

*Slavery—Larceny.*—The possession of the slave is the possession of the master. An indictment, therefore, charging the defendant with purchasing from a slave, property belonging to the master, is bad on motion in arrest.

*Appeal from Washington Circuit Court.*

The indictment was as follows :

" State of Missouri, County of Crawford.—In the Crawford Circuit Court, June Term, A. D. 1859.

"The grand jurors for the State of Missouri, empannelled, sworn and charged to inquire within and for the body of the County of Crawford, upon their oath present, that a certain slave named Garrison, the property of one James H. Montery, on the first day of January, in the year A. D. 1859, in the county aforesaid, did then and there unlawfully steal, take and carry away a certain sack of wheat, containing two bushels, of the value of two dollars, the property of

one James H. Montery, contrary to the statute in such case made and provided, and against the peace and dignity of the State ; and the jurors aforesaid, upon their oath aforesaid, do further present that one G. T. Edwards, late of the county aforesaid, on the day and year aforesaid, in the county aforesaid, the sack of wheat aforesaid, containing two bushels as aforesaid, of the value aforesaid, so as aforesaid unlawfully stolen, taken and carried away unlawfully, did receive and have, he, the said G. T. Edwards, well knowing the said sack of wheat to have been unlawfully stolen, taken and carried away contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State."

*Charles Jones*, for appellant.

I. It has not been clearly proved to whom the wheat in controversy belonged, and to convict, it must be proved to be the property of the person alleged in the indictment to be the owner thereof, James H. Montery.

II. The revised statute of 1855, § 43, on which the indictment is produced, does not refer to this class of cases mentioned in the indictment, such as buying of or receiving property alleged to be stolen by slaves, for there is a special statute (p. 1477, § 33) that refers to such cases as buying and receiving of property from slaves.

And this is very apparent, for the reason that slaves are not presumed to own property, and the Legislature has provided the punishment for buying of or in anywise trading with slaves. (R. C. 1855, p. 1477, § 33.) The punishment, both civil and criminal, is therefore by statute.

The indictment in this case should have been predicated upon sec. 33, art. 1, of "An act concerning slaves," p. 1477. If defendant is guilty of any offence, he is guilty under the last mentioned act concerning slaves.

*Vastine*, for respondent.

I. The indictment alleges the sack and wheat to be the

property of James H. Montery. It is not a defect which tends to the prejudice of the substantial rights of the defendant, upon the merits. (R. C. 1855, p. 1177.)

II. The indictment is properly framed on § 43, p. 580, R. C. 1855: "Every person who shall buy, or in any way receive, personal property that shall have been stolen from another, shall, on conviction," &c. The evidence answers the demands of the law; to say otherwise, is to deny the legal guilt of a slave stealing from his master. This section of the law is applicable to all, whether white or black, free or slave, who violate it.

The indictment ought not to have been framed on sec. 33, p. 1477, R. C. 1855. This section refers to a mere trading and dealing with slaves; an honest trading as it were, not to a fraudulent and felonious trading and dealing as the former one does. This section makes no reference to a larceny or a felonious receiving of stolen property.

HOLMES, Judge, delivered the opinion of the court.

The indictment charges the defendant with receiving stolen goods from a slave, knowing them to have been stolen by the slave from his master. The statute under which the indictment appears to have been framed (§ 43 of Art. III., R. C. 1855, p. 580) had no application to such a case. The possession by a slave of the property of his master, is the possession of the master. (Hite v. State, 9 Yerg. 198.) If the defendant had taken the property from the slave with intent to steal, he might have been indicted for the larceny; or, for trading with slaves, he might have been proceeded against under the 33d sec. of the "Act concerning slaves." (R. C. 1855, p. 1477.) The indictment was bad on motion in arrest.

Judgment reversed. The other judges concur.